UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV 21-01548 JAK (JPRx)<br>(Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 35) JS-6

## I. Introduction

On December 9, 2020, Barbara Lebow ("Plaintiff"), by and through her guardian ad litem Jan Weinberg ("Weinberg"), brought this action in the Los Angeles Superior Court against the following defendants: Silverado Senior Living, Inc.; Silverado Senior Living Management, Inc.; Subtenant 330 North Hayworth Avenue, LLC; Loren Shook ("Shook"); Jason Russo ("Russo"); and Does 1 through 25 (collectively, "Defendants"). Dkt. 1-2 ("Complaint"). On February 19, 2021, the action was removed. Dkt. 1. The Complaint advances two causes of action: (i) elder abuse and neglect, and (ii) negligence. Complaint ¶¶ 57-74.

The *Lebow* action has been consolidated for pretrial purposes with the following cases (the "Consolidated Cases"):

1. *Albert Sarnoff, et al. v. Silverado Senior Living, Inc., et al.*, LA CV 21-70;
2. *Jakob Khorsandi, et al. v. Silverado Senior Living, Inc., et al.*, LA CV 21-1503;
3. *Catherine Apothaker, et al. v. Silverado Senior Living, Inc., et al.*, LA CV 21-1509;
4. *Anne Palamides v. Silverado Senior Living, Inc., et al.*, LA CV 21-1526;
5. *Brittany C. Ringo, et al. v. Silverado Senior Living, Inc., et al.*, LA CV 21-1649;
6. *Frank Paul Piumetti, et al. v. Silverado Senior Living, Inc., et al.*, LA CV 21-3488; and
7. *Joe Ann Clack v. Silverado Senior Living, Inc., et al.*, LA CV 21-3815.

CV21-70 Dkts. 30, 33, 34. The *Sarnoff* action has been designated as the lead case in the consolidated action, *In Re: Silverado Senior Living, Inc.*, LA CV 21-70. CV21-70 Dkt. 33.

On March 23, 2021, Plaintiff filed a motion to remand (the "Motion" (Dkt. 35)). On April 13, 2021, Defendants filed an opposition to the Motion (the "Opposition" (Dkt. 40)) and a request for judicial notice ("Defendants' RFN" (Dkt. 41)). On April 27, 2021, Plaintiff filed a reply (the "Reply" (Dkt. 43)).[1]

---

[1] The caption of Plaintiff's Motion and Reply includes the "Los Angeles County Department of Health Services, dba LAC/Harbor UCLA Medical Center" as a defendant. *See* Dkts. 35, 43. Plaintiff has not properly added this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 21-01548 JAK (JPRx)<br>(Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

Pursuant to the Court's May 6, 2021 Case Management Order (CV21-70 Dkt. 33), on June 21, 2021, a hearing was held on the Motion, as well as similar ones in all of the Consolidated Cases except for the *Clack* action, and the matters were taken under submission. CV21-70 Dkt. 52.

For the reasons stated in this Order, the Motion is **GRANTED**.

**II.      Factual Background**

  A.      The Parties

It is alleged that, in March 2020, while Plaintiff was a resident at Silverado Senior Living – Beverly Place (the "Silverado Facility" or "Facility"), she contracted COVID-19. Complaint ¶ 2. The Facility is a "Residential Care Facility for the Elderly" ("RCFE"), which is located at 330 N. Hayworth Avenue, Los Angeles, CA 90048. *Id.* ¶¶ 2, 16. It is alleged that Plaintiff is classified as an "elder" or "dependent adult" under California law, and that she has certain physical limitations that impede "her ability to carry out normal activities and protect her rights." *Id.* ¶ 14.

It is alleged that Weinberg is Plaintiff's domestic partner and guardian ad litem. *Id.* ¶ 15.

It is alleged that Silverado Senior Living Management, Inc., and Subtenant 330 North Haywood Avenue, LLC, are the co-licensees of the Silverado Facility, which is "part of the Silverado brand – a national chain operating facilities in seven states: California, Illinois, Texas, Utah, Virginia, Washington, Wisconsin." *Id.* ¶ 16-17. It is further alleged that there are 20 Silverado facilities in California. *Id.* ¶ 17.

It is alleged that "Silverado Senior Living, Inc. is and was at all times relevant herein, the parent corporation of the Silverado enterprise" and "exercises control over the management and policies of the facilities in the Silverado chain in California and other states." *Id.* ¶ 18. It is further alleged that "Silverado Senior Living, Inc. controls the provision of administrative, legal services, and risk management services to each of its facilities, including Silverado Senior Living – Beverly Place." *Id.*

It is alleged that Shook "is and at all relevant times was the President, Chief Executive Officer, and Chairman of the Board at Silverado Senior Living Management, Inc." *Id.* ¶ 22.

It is alleged that Russo was, at all relevant times, the Certified Administrator of the Silverado Facility. *Id.* ¶ 23. It is also alleged that an administrator is "the person designated by the licensee to act on behalf of the licensee in the overall management of the facility" and is required at all RCFE facilities. *Id.*

  B.      Substantive Allegations in the Complaint

It is alleged that a state of emergency due to the coronavirus outbreak in the United States was declared in California and Los Angeles County on March 4, 2020, and in New York State on March 7, 2020. *Id.* ¶ 40. It is further alleged that, because the elderly were known to be particularly susceptible to

---

entity as a defendant, nor is it identified in the briefing. Accordingly, the inclusion of this entity in the caption is deemed an oversight.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 21-01548 JAK (JPRx)<br>(Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

the coronavirus, the Centers for Disease Control and Prevention ("CDC") issued "requirements, and guidelines for nursing homes and assisted living providers/RCFEs to promptly take reasonable measures to protect their patients from exposure to the coronavirus," including "testing of residents and employees, restricting visitors, requiring employees to use face masks, gloves, and gowns, and isolating employees and residents who are suspected or known carriers of the virus." *Id.* ¶ 41.

It is alleged that, between March 10 and 20, 2020, New York City experienced a significant coronavirus outbreak, with local and state leaders taking a number of responsive measures to contain the outbreak, including the closure of all nonessential businesses throughout the state. *Id.* ¶ 43.

It is alleged that, on March 14, 2020, Russo sent an email to residents at the Silverado Facility asking that their family members avoid visiting for the next two weeks due to COVID-19. *Id.* ¶ 44. On March 15, 2020, Russo allegedly sent another email prohibiting private duty companions from visiting the Facility. *Id.* ¶ 45.

It is next alleged that, on March 19, 2020, a new resident (the "New Resident") was admitted to the Facility who had "fl[own] on a commercial flight from Manhattan to Los Angeles and [went] directly to [the Facility's] memory care unit on the third floor, without any period of isolation or quarantine." *Id.* ¶ 5. The New Resident was allegedly accompanied by his daughter, who had also flown from New York to Los Angeles after an earlier flight from London to New York. *Id.* It is alleged that, upon the arrival of the New Resident at the Facility, "[n]o isolation measures were implemented," and that he "was allowed to roam freely throughout the [F]acility unattended." *Id.* ¶ 47.

It is alleged that, on March 20, 2020, the day after the New Resident's arrival, he began to exhibit symptoms of "cough, fever and lethargy," which were "alarming enough for the [F]acility to call 911." *Id.* ¶ 5. It is further alleged that, on the following day, the New Resident was transported to Cedars-Sinai Medical Center, and tested positive for the coronavirus. *Id.* It is alleged that this was the first coronavirus case at the Facility. *Id.* ¶¶ 5, 8.

It is alleged that Defendants "concealed [the New Resident's] condition, and the fact that [he] had exposed other residents at the [F]acility," while Russo and Shook allegedly "continued to reassure residents and their families that they were doing 'everything in their power' to manage the crisis and keep residents safe." *Id.* ¶ 49.

It is alleged that, on March 22, 2020, Shook notified the families of the residents of the Facility that the New Resident had tested positive for coronavirus, and "falsely claim[ed] that [the New Resident] was confined to his room since he was admitted to the [F]acility." *Id.*

It is alleged that, since the New Resident tested positive for the coronavirus, at least 58 residents and 39 employees at the Facility have contracted the coronavirus, and at least 14 of those individuals have died. *Id.* ¶ 50.

It is alleged that Plaintiff was admitted to the Silverado Facility on December 23, 2019. *Id.* ¶ 51. It is alleged that she "had recently been diagnosed with mild dementia and Alzheimer's disease . . . which manifested as mild cognitive impairment." *Id.* ¶ 52.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 21-01548 JAK (JPRx)<br>(Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

It is further alleged that on March 25, 2020, Plaintiff began to display symptoms of the coronavirus and was transferred to Cedars-Sinai Medical Center "for further workup on April 1, 2020." *Id.* ¶ 53. It is alleged that Plaintiff tested positive for COVID-19 on April 2, 2020, and that she remained hospitalized "[f]or the next several weeks." *Id.* ¶¶ 54-55. It is alleged that Plaintiff was "catharized and given hydration and nutrition through an IV" and that "[h]er mental state suffered tremendously during this time, as her cognitive impairment worsened." *Id.* ¶ 55.

Finally, it is alleged that, on April 21, 2020, Plaintiff recovered "enough to be transferred to a skilled nursing facility," but that she "continues to suffer the long-term effects of her illness." *Id.* ¶ 56.

**III.    Request for Judicial Notice**

Fed. R. Evid. 201(b) permits judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." Under this standard, judicial notice is appropriate as to public records, government documents, judicial opinions, documents on file in federal or state courts, municipal ordinances, newspaper and magazine articles, and the contents of websites. *See, e.g., Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Tollis, Inc. v. Cty. of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007); *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); *Heidelberg USA, Inc. v. PM Lithographers, Inc.*, No. CV 17-02223-AB (AJWx), 2017 U.S. Dist. LEXIS 218428, at *6-7 (C.D. Cal. Oct. 19, 2017); *U.S. ex rel. Modglin v. DJO Glob., Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015).

Defendants request judicial notice of 32 exhibits. Dkt. 41 at 2-6. Each is either a government document, a document on file in a federal or state court, or a judicial opinion, for which there is not a reasonable dispute as to authenticity. Therefore, judicial notice of these documents is appropriate, and Defendants' RFN is **GRANTED.**

**IV.    Analysis**

        **A.    Legal Standards**

                **1.    Removal**

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c). In general, a state civil action may be removed only if, at the time of its removal, it is one that initially could have been brought in a federal court on the basis of either federal question or diversity jurisdiction. *Id.* § 1441.

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party has the burden to establish that it was proper to do so. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV 21-01548 JAK (JPRx)<br>(Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

      2.     <u>The PREP Act</u>

The Public Readiness and Emergency Preparedness ("PREP") Act confers on the Secretary of the Department of Health and Human Services ("HHS") the authority to "make[] a determination that a disease or other health condition or other threat to health constitutes a public health emergency, or that there is a credible risk that the disease, condition, or threat may in the future constitute such an emergency." 42 U.S.C. § 247d-6d(b)(1). If the Secretary of HHS has made such a determination, the PREP Act provides that

> a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure.

*Id.* § 247d-6d(a)(1). "[C]overed countermeasure[s]" include certain types of drugs and biological products and certain types of devices, including respiratory protective devices. *Id.* § 247d-6d(i)(1). A "covered person" is a "person or entity" that manufactures or distributes a covered countermeasure; "a program planner of such countermeasure"; "a qualified person who prescribed, administered, or dispensed such countermeasure"; or "an official, agent, or employee of" any covered person. *Id.* § 247d-6d(i)(2).

If the Secretary of HHS relies on the PREP Act to declare a public health emergency, the Act provides for an administrative remedy for "eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure pursuant to such declaration." *Id.* § 247d-6e(a). Such persons may seek compensation from the "Covered Countermeasure Process Fund," which is established by the Act to "provid[e] timely, uniform, and adequate compensation" for such individuals. *Id.*

On March 10, 2020, the Secretary of HHS issued a declaration pursuant to the PREP Act (the "Declaration") "determin[ing] that the spread of SARS-CoV-2 or a virus mutating therefrom and the resulting disease COVID-19 constitutes a public health emergency." Ex. 2 to Defendants' RFN, Dkt. 5-2 at 5; 85 Fed. Reg. 15198 (Feb. 4, 2020). Since then, the Secretary of HHS has issued several amendments to the Declaration. *See* Defendants' RFN, Dkt. 41 at 2-6. Two of these amendments are relevant to the Motion.

The fourth amendment states that there are "substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc. v. Darue [Eng'g & Mfg.]*, 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act." Ex. 5 to Defendants' RFN, Dkt. 5-5 at 9; 85 Fed. Reg. 79190-01 (Feb. 4, 2020). This amendment also "clarif[ies] that the 'administration' of a covered countermeasure may also include *not* administering a covered countermeasure." *Padilla v. Brookfield Healthcare Ctr.*, No. CV-21-2062-DMG (ASx), 2021 U.S. Dist. LEXIS 75846, at *7 (C.D. Cal. Apr. 19, 2021) (citing 85 Fed. Reg. 79190-01 (Feb. 4, 2020)).

The fifth amendment expands the definition of "qualified person" so that it includes pharmacists who already administer certain vaccines. Ex. 30 to Defendants' RFN, Dkt. 5-30 at 5; 86 Fed. Reg. 7872-02 (Jan. 28, 2021). Designating these pharmacists as "qualified person[s]" brings them within the PREP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 21-01548 JAK (JPRx)<br>(Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

Act's definition of "covered person[s]." The fifth amendment then states:

> On May 19, 2020, the Office of the General Counsel issued an advisory opinion concluding that, because licensed pharmacists are "qualified persons" under this declaration, the PREP Act preempts state law that would otherwise prohibit such pharmacists from ordering and administering authorized COVID-19 diagnostic tests. The opinion relied in part on the fact that the Congressional delegation of authority to the Secretary under the PREP Act to specify a class of persons, beyond those who are authorized to administer a covered countermeasure under State law, as "qualified persons" would be rendered a nullity in the absence of such preemption. . . . Based on the reasoning set forth in the May 19, 2020 advisory opinion, any State law that would otherwise prohibit a member of any of the classes of "qualified persons" specified in this declaration from administering a covered countermeasure is likewise preempted. . . .
>
> The plain language of the PREP Act makes clear that there is complete preemption of [S]tate law as described above. Furthermore, preemption of State law is justified to respond to the nation-wide public health emergency caused by COVID-19 as it will enable States to quickly expand the vaccination workforce with additional qualified healthcare professions where State or local requirements might otherwise inhibit or delay allowing these healthcare professionals to participate in the COVID-19 vaccination program.

Ex. 30 to Defendants' RFN, Dkt. 5-30 at 4; 86 Fed. Reg. 7872-02 (Jan. 28, 2021).

      B.    Application

Plaintiff argues this action should be remanded because there is no subject matter jurisdiction. Dkt. 35 at 2, 10.

      1.    Federal Question Jurisdiction

           a)    Whether Plaintiff's Claims Are Completely Preempted by the PREP Act

Defendants argue that there is federal question jurisdiction because the PREP Act completely preempts Plaintiff's claims. Dkt. 1 ¶ 21; Dkt. 40 at 9.

"Federal-question jurisdiction stems from a congressional enactment, 28 U.S.C. § 1331, which provides that '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020). "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Dahl v. Rosenfeld*, 316 F.3d 1074, 1076-77 (9th Cir. 2003) (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)). It is well settled under the well-pleaded complaint rule that "a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 21-01548 JAK (JPRx) (Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

truly at issue." *Dahl*, 316 F.3d at 1077 (citing *Balcorta*, 208 F.3d at 1106) (internal quotation marks omitted).

There are some exceptions to the well-pleaded complaint rule, including "the artful-pleading doctrine." *City of Oakland*, 969 F.3d at 905 (internal quotation marks omitted). Under this doctrine, removal is proper when the "preemptive force" of a federal statute is "so strong that [it] 'completely preempt[s]' an area of state law." *Dahl*, 316 F.3d at 1077 (citing *Balcorta*, 208 F.3d at 1107). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar,* 482 U.S. at 393 (citing *Franchise Tax. Bd. of State of Cal. v. Construction Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 24 (1983)); *see also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 689 n.8 (9th Cir. 2007); *Moore-Thomas*, 553 F.3d at 1244.

For a federal statute to preempt completely an area of state law, it "must 'provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.'" *City of Oakland*, 969 F.3d at 905 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). "The Supreme Court has identified only three statutes" that have complete preemptive effect: (1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a); and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86. *Id.* (citations omitted). The Ninth Circuit has "held that complete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *Id.* at 906.

Plaintiff's claims do not come within the scope of the PREP Act. They arise from Defendants' allegedly permitting the New Resident who had traveled from New York to move into the Silverado Facility. In taking this action, Defendants allegedly allowed the New Resident and his daughter, who recently had traveled to California from London via New York, to enter the Facility without requiring either to be tested for COVID-19 or to quarantine for any period. None of Defendants' alleged actions or omissions involve covered countermeasures. Therefore, Plaintiff's claims do not come within the scope of the PREP Act. *Accord Thomas v. Century Villa Inc.*, No. 2:21-cv-03013-MCS-KS, 2021 U.S. Dist. LEXIS 110094, at *9 (C.D. Cal. June 10, 2021) (citing *Smith v. Colonia Care Ctr. Inc.*, No. 2:21-cv-00494-RGK-PD, 2021 U.S. Dist. LEXIS 53554, at *5 (C.D. Cal. Mar. 19, 2021)); *Padilla*, 2021 U.S. Dist. LEXIS 75846, at *13-14; *Nava v. Parkwest Rehab. Ctr. LLC*, No. 2:20-cv-07571-ODW (AFMx), 2021 U.S. Dist. LEXIS 65837, at *7 (C.D. Cal. Apr. 5, 2021) (citations omitted); *Smith*, 2021 U.S. Dist. LEXIS 53554, at *10 (C.D. Cal. Mar. 19, 2021).

Even if Plaintiff's claims did fall within the scope of the PREP Act, that statute is not one of complete preemption. "[C]omplete preemption that confers federal question jurisdiction is very rare." *Martin v. Serrano Post Acute LLC*, No. CV 20-5937-DSF (SKx), 2020 U.S. Dist. LEXIS 165874, at *4 (C.D. Cal. Sep. 10, 2020) (citing *City of Oakland*, 969 F.3d at 895). "[T]he PREP Act is 'not one of the three statutes that the Supreme Court has determined has extraordinary preemptive force." *Saldana v. Glenhaven Healthcare LLC*, No. CV 20-5631 FMO (MAAx), 2020 U.S. Dist. LEXIS 216490, at *5 (C.D. Cal. Oct. 14, 2020) (citing *City of Oakland*, 969 F.3d at 907; *Martin*, 2020 U.S. Dist. LEXIS 165874, at *1-2); *see also Parker v. St. Jude Operating Co., LLC,* No. 3:20-cv-01325-HZ, 2020 U.S. Dist. LEXIS 249253, at *12 (D. Or. Dec. 27, 2020) (citing *City of Oakland*, 969 F.3d at 905).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 21-01548 JAK (JPRx)<br>(Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

Nor does the PREP Act provide an exclusive federal cause of action. "For a federal statute to completely preempt a state law claim, the federal statute must 'provide[] the exclusive cause of action for the [state law] claim asserted and also set forth procedures and remedies governing that cause of action.'" *Smith*, 2021 U.S. Dist. LEXIS 53554, at *12-13 (citing, *inter alia*, *Beneficial Nat'l Bank*, 539 U.S. at 8; *Moore-Thomas*, 553 F.3d at 1245). Rather than provide "an exclusive federal cause of action," "the PREP Act provides for a federal *administrative* remedy for injuries arising from non-willful behavior." *Padilla*, 2021 U.S. Dist. LEXIS 75846, at *11. This is insufficient to make the PREP Act a complete preemption statute. *See id.*; *Dupervil v. All. Health Operations, LLC*, No. 20-CV-4042 (PKC) (PK), 2021 U.S. Dist. LEXIS 20257, at *24 (E.D.N.Y. Feb. 2, 2021).[2]

Defendants' citation to Advisory Opinion 21-01 of the HHS Office of the General Counsel ("OGC") (the "Advisory Opinion") is not persuasive. Dkt. 40 at 8. The Advisory Opinion states, "The *sine qua non* of a statute that completely preempts is that it establishes either a federal cause of action, administrative or judicial, as the only viable claim or vests exclusive jurisdiction in a federal court. The PREP Act does both." Ex. 29 to Defendants' RFN, Dkt. 5-9 at 3. "While a court may consider an agency's interpretation

---

[2] Many other orders issued in this District have reached the same determination, *i.e.*, that the PREP Act is not a complete preemption statute. *See Cortez v. Parkwest Rehab. Ctr. LLC,* No. CV 21-05172 AB (ASx), 2021 U.S. Dist. LEXIS 168019, at *11 (C.D. Cal. Sep. 3, 2021); *Estate of Heim v. 1495 Cameron Ave., LLC*, No. CV 21-6221-PA (ADSx), 2021 U.S. Dist. LEXIS 155006, at *12 (C.D. Cal. Aug. 17, 2021); *Estate of Jenkins v. Beverly Hills Senior Care Facility, Inc.*, No. CV 21-4902-JFW (KSx), 2021 U.S. Dist. LEXIS 152198, at *10 (C.D. Cal. Aug. 12, 2021); *Olivares v. BMS Healthcare, Inc.*, No. CV 21-6298-DMG (JEMx), 2021 U.S. Dist. LEXIS 149395, at *2-3 (C.D. Cal. Aug. 9, 2021) (citing *Padilla*, 2021 U.S. Dist. LEXIS 75846, at *2-6); *Estate of Vyden v. Vista Del Sol LTC, Inc.*, No. CV 21-4628-GW-PLAx, 2021 U.S. Dist. LEXIS 149139, at *11 (C.D. Cal. Aug. 5, 2021) (citations omitted); *Romeo v. Canoga Healthcare, Inc.*, No. CV 21-02918-AB (RAOx), 2021 U.S. Dist. LEXIS 147172, at *8 (C.D. Cal. Aug. 5, 2021); *Swick v. Canoga Healthcare, Inc.*, No. CV 21-02876-AB (RAOx), 2021 U.S. Dist. LEXIS 147237, at *8 (C.D. Cal. Aug. 5, 2021); *Holloway v. Centinela Skilled Nursing & Wellness Ctr. W., LLC*, No. CV 21-6106-DMG (AGRx), 2021 U.S. Dist. LEXIS 146141, at *2 (C.D. Cal. Aug. 4, 2021) (citing *Padilla*, 2021 U.S. Dist. LEXIS 75846, at *2-6); *Estate of Acosta v. WDW Joint Venture*, No. CV 21-05762-PA (MRWx), 2021 U.S. Dist. LEXIS 137027, at *9-10 (C.D. Cal. July 21, 2021); *Acra v. Cal. Magnolia Convalescent Hosp.*, Inc., No. EDCV 21-898-GW-SHKx, 2021 U.S. Dist. LEXIS 124484, at *14 (C.D. Cal. July 1, 2021); *Green v. Westwood Healthcare & Wellness Ctr., LP*, No. CV 21-4839-MWF (AFMx), 2021 U.S. Dist. LEXIS 124488, at *4 (C.D. Cal. July 1, 2021); *Reed v. Sunbridge Hallmark Health Servs., LLC*, No. CV 21-3702-JFW(AGRx), 2021 U.S. Dist. LEXIS 119092, at *17 (C.D. Cal. June 25, 2021); *Thomas*, 2021 U.S. Dist. LEXIS 110094, at *9; *Lopez v. Greenfield Care Ctr. of S. Gate*, No. 2:21-cv-02806-RGK-PVC, 2021 U.S. Dist. LEXIS 117647, at *4 (C.D. Cal. May 19, 2021); *Golbad v. GHC of Canoga Park*, No. 2:21-CV-01967-ODW (PDx), 2021 U.S. Dist. LEXIS 85331, at *4-5 (C.D. Cal. May 4, 2021); *Padilla*, 2021 U.S. Dist. LEXIS 75846, at *13 (citing *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018)); *Winn v. Cal. Post Acute LLC*, No. CV 21-02854-PA (MARx), 2021 U.S. Dist. LEXIS 67760, at *14 (C.D. Cal. Apr. 6, 2021); *Stone v. Long Beach Healthcare Ctr., LLC*, No. CV 21-326-JFW (PVCx), 2021 U.S. Dist. LEXIS 58410, at *18 (C.D. Cal. Mar. 26, 2021); *Smith*, 2021 U.S. Dist. LEXIS 53554, at *17; *Estate of McCalebb v. AG Lynwood, LLC*, No. 2:20-cv-09746-SB-PVC, 2021 U.S. Dist. LEXIS 47239, at *8 (C.D. Cal. Mar. 1, 2021); *Lyons v. Cucumber Holdings, LLC*, No. CV 20-10571-JFW(JPRx), 2021 U.S. Dist. LEXIS 20838, at *14 (C.D. Cal. Feb. 3, 2021) (citing *Hansen*, 902 F.3d at 1057); *see also Roebuck v. Mayo Clinic*, No. CV-21-00510-PHX-DLR, 2021 U.S. Dist. LEXIS 89127, at *12 (D. Ariz. May 7, 2021); *Estate of Judith Joy Jones v. St. Jude Operating Co.*, No. 3:20-cv-01088-SB, 2021 U.S. Dist. LEXIS 43876, at *16 (D. Or. Feb. 16, 2021); *Parker v. St. Jude Operating Co., LLC*, No. 3:20-cv-01325-HZ, 2020 U.S. Dist. LEXIS 249253, at *14 (D. Or. Dec. 27, 2020). *But see Garcia v. Welltower OpCo Grp. LLC,* No. SACV 20-02250-JVS (KESx), 2021 U.S. Dist. LEXIS 25738, at *18 (C.D. Cal. Feb. 10, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 21-01548 JAK (JPRx)<br>(Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

of a statute to be a source of guidance, that interpretation is not controlling upon the court and is entitled to respect according to its persuasiveness." *Padilla*, 2021 U.S. Dist. LEXIS 75846, at *12 (citing *United States v. Mead Corp.*, 533 U.S. 218, 228 (2001); *Skidmore v. Swift & Co.*, 323 U.S. 134, 139-40 (1944)).

The Advisory Opinion "lacks the power to persuade." *Smith*, 2021 U.S. Dist. LEXIS 53554, at *16 (citing *Dupervil*, 2021 U.S. Dist. LEXIS 20257, at *10); *accord Estate of Heim*, 2021 U.S. Dist. LEXIS 155006, at *11 n.1; *Estate of Jenkins*, 2021 U.S. Dist. LEXIS 152198, at *14; *Estate of Vyden*, 2021 U.S. Dist. LEXIS 149139, at *10 (citations omitted); *Acra*, 2021 U.S. Dist. LEXIS 124484, at *14 (citations omitted); *Reed*, 2021 U.S. Dist. LEXIS 119092, at *17; *Thomas*, 2021 U.S. Dist. LEXIS 110094, at *11-12; *Lopez*, 2021 U.S. Dist. LEXIS 117647, at *4 (citing *Stone*, 2021 U.S. Dist. LEXSIS 58410, at *7); *Golbad*, 2021 U.S. Dist. LEXIS 85331, at *7; *Padilla*, 2021 U.S. Dist. LEXIS 75846, at *12-13; *Stone*, 2021 U.S. Dist. LEXIS 58410, at *18. "The Ninth Circuit . . . has affirmed that 'a federal statute must provide the "exclusive cause of action" for complete preemption to apply.'" *Smith*, 2021 U.S. Dist. LEXIS 53554, at *16 (citing *Moore-Thomas*, 553 F.3d at 1245). As in *Smith*, "[n]either Defendant[s] nor the [Advisory Opinion] cites any legal support for the 'proposition that an exclusive federal administrative remedy is sufficient for complete preemption,'" which is also inconsistent with Ninth Circuit authority. *Id.* (citing *Dupervil*, 2021 U.S. Dist. LEXIS 20257, at *10).

The Advisory Opinion is also not entitled to *Chevron* deference. *See* Dkt. 1 ¶ 18; Dkt. 40 at 11. "Courts give administrative agency decisions '*Chevron* deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority.'" *Thomas*, 2021 U.S. Dist. LEXIS 110094, at *12 (citing *Mead*, 533 U.S. at 226-27). "[T]he Advisory Opinion . . . expressly states that it 'does not have the force or effect of law.' Thus, even assuming that Congress intended to delegate authority to the Secretary and HHS's Office of the General Counsel 'generally to make rules carrying the force of law,' the Office of the General Counsel interpretation relied upon by Defendants here explicitly was not 'promulgated in the exercise of that authority' and is not entitled to *Chevron* deference." *Dupervil*, 2021 U.S. Dist. LEXIS 20257, at *28 (citations omitted); *accord Thomas*, 2021 U.S. Dist. LEXIS 110094, at *12 (citing *Dupervil*, 2021 U.S. Dist. LEXIS 20257, at *10).

      b)      Whether Plaintiff's Claims Raise a Substantial Federal Issue

Defendants argue that "[f]ederal jurisdiction is . . . appropriate as the state action 'arises under' federal law and raises a substantial federal issue, actually disputed and substantial." Dkt. 1 ¶ 33 (citing *Grable*, 545 U.S. at 308); *see* Dkt. 40 at 22-24.

Another exception to the well-pleaded complaint rule applies to a "'special and small category' of state-law claims that arise under federal law for purposes of § 1331 'because federal law is a necessary element of the . . . claim for relief.'" *City of Oakland*, 969 F.3d at 904 (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)) (internal quotation marks omitted). Under this exception, there is federal question jurisdiction when a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (quoting *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 13). Thus, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV 21-01548 JAK (JPRx) (Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (citing *Grable*, 545 U.S. at 310). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* This doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312 (citation omitted).

The first question under *Gunn* is whether a federal issue is "necessarily raised." Because Plaintiff's claims do not fall within the scope of the PREP Act, they do not raise a federal issue. *Accord Golbad*, 2021 U.S. Dist. LEXIS 85331, at *5-6 (citing *City of Oakland*, 969 F.3d at 906-07); *Padilla*, 2021 U.S. Dist. LEXIS 75846, at *13-14; *Holman v. Sunrise Villa Culver City*, No. 2:21-cv-01054-RGK-JEM, 2021 U.S. Dist. LEXIS 74922, at *15 (C.D. Cal. Apr. 16, 2021). "Instead, the PREP Act merely provides [Defendants] with a potential affirmative defense to Plaintiff's claims," which "does not confer this Court with federal question jurisdiction." *Thomas*, 2021 U.S. Dist. LEXIS 110094, at *15 (citations omitted).

c)    Whether the Federal Officer Removal Statute Applies

Defendants argue that there is federal question jurisdiction "under 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer." Dkt. 1 ¶ 35. Defendants contend that they were acting at the direction of the CDC and the Centers for Medicare and Medicaid Services ("CMS"). *Id.* ¶¶ 45-46.

"Federal officer removal is available under 28 U.S.C. § 1442(a) if '(a) [the removing party] is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense.'" *Martin*, 2020 U.S. Dist. LEXIS 165874, at *3 (citing *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018)) (internal quotation marks omitted).

The federal regulations cited by Defendants are not sufficiently detailed to warrant applying the federal officer removal statute. "The directions Defendants point to are general regulations and public directives regarding the provision of medical services." *Martin*, 2020 U.S. Dist. LEXIS 165874, at *3; *Saldana*, 2020 U.S. Dist. LEXIS 216490, at *6-7 (citing *Martin*, 2020 U.S. Dist. LEXIS 165874, at *3). As Defendants note, "the federal officer removal statute must be 'liberally construed.'" *Id.* (citing *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007)); *see also* Dkt. 1 ¶ 48. However, Defendants did not act "pursuant to a federal officer's directions" within the meaning of the statute. *See Thomas*, 2021 U.S. Dist. LEXIS 110094, at *16 (citations omitted); *Golbad*, 2021 U.S. Dist. LEXIS 85331, at *4; *Winn*, 2021 U.S. Dist. LEXIS 67760, at *14; *Stone*, 2021 U.S. Dist. LEXIS 58410, at *21. "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Martin*, 2020 U.S. Dist. LEXIS 165874, at *4 (citing *Watson*, 551 U.S. at 153) (internal quotation marks omitted); *accord Green v. Westwood Healthcare & Wellness Ctr., LP*, No. CV 21-4839-MWF (AFMx), 2021 U.S. Dist. LEXIS 132963, at *3 (C.D. Cal. July 16, 2021); *Stone*, 2021 U.S. Dist. LEXIS 58410, at *22; *Saldana*, 2020 U.S. Dist. LEXIS 216490, at *6-7. This is the case "even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Winn*, 2021 U.S. Dist. LEXIS 67760, at *15 (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV 21-01548 JAK (JPRx) (Lead Case No. CV 21-00070 JAK) | Date | September 14, 2021 |
| Title | Barbara Lebow, et al. v. Silverado Senior Living, Inc., et al. | | |

*Martin*, 2020 U.S. Dist. LEXIS 165874, at *4).

*          *          *

For the foregoing reasons, there is no federal jurisdiction.

**V.**     **Conclusion**

For the reasons stated in this Order, the Motion to Remand is **GRANTED**. This action is remanded to the Los Angeles Superior Court at its Stanley Mosk Courthouse (Case No. 20STCV47238).

**IT IS SO ORDERED.**

                                                                                                                                                                                                                     :

Initials of Preparer    mr